**United States District Court**
For the Northern District of California

1
2
3
4
5                           UNITED STATES DISTRICT COURT

6                          NORTHERN DISTRICT OF CALIFORNIA

7

8    WANDA JOHNSON, *et al.*,                    No. C-09-0901 EMC

9              Plaintiffs,                        **CONSOLIDATED CASES**

10        v.                                      C-09-4014 EMC (Grant)
                                                  C-09-4835 EMC (Bryson, *et al.*)
11   BAY AREA RAPID TRANSIT DISTRICT,             C-10-0005 EMC (Caldwell)
     *et al.*,
12                                                **ORDER RE REDACTIONS TO EXHIBIT**
              Defendants.                         **237**
13   _____/

14   AND RELATED ACTIONS.
     _____/
15

16        Plaintiff Caldwell has moved to have Exhibit 237 – notes from Caldwell's psychologist taken

17   during Caldwell's appointments – redacted to remove (1) a reference to Caldwell having thrown the

18   cell phone and (2) Oscar Grant, III having been involved in the BART train.  Caldwell bases this

19   request on the Court's motion in limine rulings that these two facts were properly excluded under

20   Fed. R. Evid. 403.  Defendant Domenici opposes these proposed redactions on the grounds that

21   these facts, in the context of Exhibit 237, are directly relevant to the question of whether Domenici's

22   alleged constitutional violations caused any harm to Caldwell.

23        As to the cell phone issue, Caldwell seeks to redact the following: "I got so upset after Oscar

24   was shot until I threw my cell phone at the officer.  But feeling better after M[ehserle] was charged."

25   The Court finds that this statement made by Caldwell to his psychologist is relevant insofar as it

26   suggests that the emotional distress Caldwell suffered was caused by the shooting of Oscar Grant,

27   III, not any action taken by Domenici.  The Court will allow this statement in, but Defense counsel

28   are again advised to not emphasize, unduly draw attention to, or attempt to make argument from the

**United States District Court**

For the Northern District of California

1  fact that Caldwell threw the cell phone.  If the Court concludes that Defense counsel is attempting to

2  make improper arguments resulting from Caldwell's throwing of the cell phone, the Court will

3  immediately instruct the jury on the limited nature of this evidence to the Fourth Amendment

4  inquiry they are facing.

5        Regarding Oscar Grant, III's alleged involvement in the fight on the BART train, Caldwell

6  seeks to redact the following:

> We were returning from SF on BART and got into a fight with some
> dude who said something to Oscar at West Oakland.  At Fruitvale we
> were told to get off and I got off, the fight was a dead issue.  These
> officers ran up on the platform . . . grabbed Mike, took Oscar and
> pushed him to the ground.  We weren't resisting but cops were
> hollowing stop resisting.  Some were pushing people back on train
> with tasers.  One officer shot Oscar and the others were just standing
> there looking at him.  They were commanded to get back on BART.  I
> got a phone call from Sophenia telling me Oscar got shot.  I got off at
> next station and came back to Fruitvale and was told they took him to
> Highland.  When I got there, they told me he passed.

> He was my best friend.  We talked every day.  I just sit, have to drink
> to calm down, feel nervous a lot not eating.  Reliving incident when
> my sister was shot by her boyfriend.  Crying all the time.

15  Domenici argues she should be permitted to explore with Caldwell's psychologist whether

16  Caldwell's "guilt" stemmed "From his inability to prevent the fight on the train or break it up

17  sooner."  Dkt. No. 513, at 6.  While there may be some relevance to this argument, the Court finds it

18  is outweighed by the risk of unfair prejudice to Oscar Grant, Jr. and creates the risk of a mini-trial as

19  to the circumstances underlying the alleged fight.  Domenici will be able to explore whether

20  Caldwell's guilt was derived from Grant III's death and the occurrences of that night unrelated to

21  her

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

United States District Court

For the Northern District of California

1    alleged actions against Caldwell.  However, she will not be permitted to include the reference to the

2    fight on the BART train.  Accordingly, the phrase "and got into a fight with some dude who said

3    something to Oscar at West Oakland" and "the fight was a dead issue" will be redacted.

4

5         IT IS SO ORDERED

6

7    Dated:  June 9, 2014

8                                                    _____
                                                     EDWARD M. CHEN
9                                                    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28